*31 OPINION.
Siefkin :
Reduced to its simplest terms, the question in this proceeding is whether the petitioner received income in 1920 or 1921. In 1920 the agreement was executed, $10,000 earnest money was deposited, title was found good, an additional amount of $40,000 was paid, conveyances to the grantee -were placed in escrow, and the broker was paid his commission for effecting the sale. At the end of 1920 and until October 20, 1921, the petitioner retained possession and the conveyances were kept in escrow. On that date the $145,000 remaining under the agreement was paid and the conveyances were delivered to the grantees by the escrow agent and were filed for record.
On this state of facts the petitioner contends that he realized his profit in 1920. Since he made his return on the cash receipts and disbursements basis, such a contention is based upon the theory that he received the equivalent of cash in 1920 in the form of an obligation of the purchaser for a deferred payment.
In this respect we have a situation comparable to that which we considered in Seletha O. Thompson, 9 B. T. A. 1342, where we said:
Under the circumstances here, it is our opinion that a completed transaction took place which was taxable in 1919. There was more than a contract *32 to sell those oil rights to' Kamaiky; there was a sale in 1919. The whole of the purchase price was paid over to the vendors or assignors, the vendees or assignees went into possession under the assignment and received the oil produced and the proceeds from its sale. They enjoyed and, until default, were entitled to enjoy, all the rights and privileges which they would have when the assignment was delivered. The petitioner, by placing the assignment in escrow, retained the bare legal title for one purpose only, i. e., to secure payment of the notes. Neither the practical nor the legal situation differs from a conveyance of title to the vendee with a mortgage from him to the vendor to secure payment of a part of the purchase price. The petitioner had conveyed her title, and had received payment. She was entitled to collect the notes as they became due without any further steps or further conveyance on her part. That the instrument conveying legal title was held in escrow as security for payment of the notes can not alter her ownership of the notes. The situation is entirely different from one where the conveyance and the consideration are both placed in escrow pending some future date or occurrence.
As we view the transactions, there was a contract to sell up to the time the title was found good, the additional money was paid, the conveyances were put in escrow and the sales agent was paid his commission for effecting the sale, but at that time the agreement to sell was converted into a sale on which the petitioner realized a profit based upon the cash received and the obligation (worth its face value) of the purchaser. Thereafter, the petitioner held possession for two reasons. One was that he did so because the purchaser intended to demolish the building on the land and erect a new one and did not want the management of the old building before its removal. This reason is mingled with the other reason, that the petitioner was retaining possession as security for the balance of the purchase price because the security might be diminished if the removal of the building was permitted before payment of the obligation.
See also, as to the technical position of the parties under an escrow in Illinois Phennagar v. Kendrick, 803 Ill. 163, 168, in which it is held that delivery of the deed in such a case is effective at the time the conveyances are put in escrow.
We conclude that the profit was taxable in 1920.
Eeviewed by the Board.

Judgment will he entered under Bule 50.